[32 NYS3d 917]

In the Matter of FELIX NIHAMIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Philip Touitou* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Felix Nihamin was admitted to the practice of law in the State of New York by the Second Judicial Department on January 31, 1996. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department. Respondent is currently suspended from the practice of law in New York, and now seeks to resign from the bar.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. As the Committee correctly argues, respondent's affidavit of resignation, sworn to on March 9, 2016, complies with section 603.11 in that he states that his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, including that he cannot apply for reinstatement for seven years after his resignation is accepted (*see* 22 NYCRR 603.11 [a] [1]).

In addition, respondent concedes that he could not successfully defend himself on the merits against allegations that he continued to practice law during his three-month suspension pursuant to an order of this Court entered October 21, 2014 (*Matter of Nihamin*, 123 AD3d 193 [2014]), communicated with members of his law firm and others, and received payments for his personal benefit from his firm's operating bank account (22 NYCRR 603.11 [a] [2], [3]).

After his three-month suspension, respondent, pursuant to 22 NYCRR 603.14 (a) (1), made an application on February 24, 2015 to be reinstated to the practice of law in New York. Thereafter, the Committee took respondent's deposition and, based upon its review of the evidence, recommended that the matter be remanded to a Hearing Panel for a hearing which would address, inter alia, allegations that respondent continued to practice law in New York during his three-month suspension. By order entered July 21, 2015 (2015 NY Slip Op 79643[U]), this Court granted the reinstatement petition to the extent of referring the matter to a Hearing Panel to conduct a

hearing and issue a report on whether respondent had fully complied with the order of suspension and otherwise met the standards for reinstatement under section 603.14 (b). On October 14, 2015, respondent moved to reargue this Court's July 21, 2015 order, and the Committee opposed. On December 3, 2015 (2015 NY Slip Op 92304[U]), this Court denied respondent's reargument motion in its entirety. On January 15, 2016, respondent moved to withdraw, with prejudice, his application for reinstatement. The Committee did not oppose, and by order entered March 18, 2016, this Court granted the motion to withdraw respondent's application for reinstatement, and the prior order entered July 21, 2015, which had referred his application for a hearing, was recalled and vacated.

Inasmuch as respondent has acknowledged his inability to defend against the allegation of practicing law while serving a disciplinary suspension and has otherwise complied with the requirements for a disciplinary resignation under section 603.11, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 9, 2016.

FRIEDMAN, J.P., SWEENY, RENWICK, ANDRIAS and FEINMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 9, 2016.